UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ALBERT JAMES, § | | |
| Plaintiff, § | | |
| § | | CIVIL ACTION NO. 4:21-CV-1303-P |
| v. § | | |
| § | | |
| TEXAS DEPARTMENT OF JUSTICE § | | |
| PAROLE BOARD, et. al., § | | |
| Defendants. § | | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING DISMISSING CLAIMS PURSUANT TO SCREENING PROVISIONS OF 28 U.S.C. § 1915(e)

On November 29, 2021, *pro-se* Plaintiff Albert James ("James") filed a Complaint [doc. 1] against the Texas Department of Justice Parole Board, Board of Parole and Pardon, and the Texas Department of Correction Criminal Justice (collectively, "Defendants"), seeking damages for the Defendants keeping him "on parole illegally."[1] (*See* Pl.'s Compl. at 5). The Court issued a Notice of Deficiency and Order [doc. 5] on November 30, 2021, when James failed to either pay the filing and administrative fee or file an Application to Proceed in the District Court without Prepayment of Fees and Costs. On December 10, 2021, James filed his Motion for Leave to Proceed in Forma Pauperis [doc. 6]. The Court issued a Second Notice of Deficiency and Order [doc. 5], as James used an incorrect form in his Motion for Leave to Proceed in Forma Pauperis [doc. 6]. On December 20, 2021, James filed his second Motion for Leave to Proceed in Forma Pauperis [doc. 8]. The Court granted his motion the next day, December 21, 2021 [doc. 9].

---

[1] In his Complaint, James states he "received a certificate of cabinet making certified as carpenter and should be paid the wages of a carpenter $40,000 for three years." *Id.* Further, that he "requested to go out of state to work and was denied." *Id.*

1

Section 1915 of Title 28 of the United States Code sets forth provisions for claimants proceeding in forma pauperis ("IFP"). Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that it is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007) (internal quotations omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id*. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (quoting *Bell Atl. Corp.*, 550 U.S. at 555).

After reviewing James' complaint, the Court finds that James has failed to properly invoke any basis for this Court to exercise jurisdiction over the subject matter in this case. The general rule is that a federal court obtains jurisdiction over subject matter only if the elements necessary to constitute diversity of citizenship are met under 28 U.S.C. § 1332 *or* if the cause of action arises under the Constitution, laws, or treaties of the United States under 28 U.S.C. § 1331.

For proper invocation of diversity jurisdiction, a plaintiff must allege that the amount in controversy exceeds $75,000 and that he is a citizen of one state while the defendant is a citizen of another. *See* 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is required; a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state citizenship as any one of the defendants. *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). In this case, James seeks "$40,000 for three years" in damages. (*See* Pl.'s Compl. at 5). James wholly fails

to indicate the state(s) of citizenship for diversity purposes for either himself or the Defendants. Thus, James has not satisfied the diversity jurisdiction requirements for subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1).

In James' Complaint he attempts to invoke federal question jurisdiction, alleging a cause of action pursuant to 42 U.S.C. § 1983. James states his "14th. [sic] Ammendment [sic] Due Process" rights were violated by the Defendants.[2] (*See* Pl.'s Compl. at 3). "To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States *and* (2) demonstrate that the alleged deprivation was committed by *a person acting under color of state law*." *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008) (internal quotations omitted) (emphasis added).[3] In the instant case, and at the heart of James' Complaint, it appears he is alleging irregularities occurring during parole proceedings.[4] James alleges a blanket violation of his 14th Amendment Due Process rights; he fails to provide any information that establishes that a deprivation was committed by a person acting under the color of state law. Moreover, he has not established any facts in support of his claim that would entitle him to relief. Thus, James' Section 1983 claims against Defendants have no basis in federal law, and the Court recommends his claims be dismissed for failure to state a cognizable claim.

---

[2] James claims the "Defendants kept [him] under supervision over the tine [he] was sentenced." *Id.* at 4.

[3] To state a claim under section 1983, a plaintiff must allege a violation of a constitutional right by one or more state actors, which may include a private citizen who acted together with a state official or has obtained significant aid from state officials or whose conduct is otherwise chargeable to the State. *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922 (1982).

[4] "Texas Courts have long held that a person alleging irregularities occurring during parole proceedings should raise those by way of a post-conviction application for writ of habeas corpus. *See McBride v. Theilke*, 2021 WL 1704359 at *2 (Tex. Crim. App. 2021) (holding Plaintiff's argument that his parole was revoked and his confinement extended because the Board of Pardons and Paroles engaged in unlawful discrimination should be asserted in a petition for writ of habeas corpus). The Court of Criminal Appeals retains the exclusive authority to grant relief in such a proceeding. *See* Tex. Code Crim. Proc. art. 11.07. "A claim that parole or other form of administrative release has been unlawfully revoked must be brought to the attention of the convicting court." *Id.*

## RECOMMENDATION

It is recommended that, pursuant to 28 U.S.C. § 1915(e), the above-styled and numbered cause be dismissed as James, in his complaint, has failed to state a claim upon which relief can be granted.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **March 2, 2022** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 9, 2022.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

JLC/adh

5